| | | | | |
|---|---|---|---|---|
| Minute Order Form (06/97) | | | | |
| **United States District Court, Northern District of Illinois** | | | | |
| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 02 C 2478 | DATE | 10/22/2003 | |
| CASE TITLE | Lula Brooks vs. O'Connor Chevrolet, Inc. and Evergr | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants O'Connor Chevrolet and Evergreen Finance Company's motion for summary judgment is granted. Status hearing set for 10/28/03 is stricken. Any other pending dates are stricken. Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 23 2003 date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | 36 |
| | Copy to judge/magistrate judge. | | |
| TH ✓ | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LULA BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 2478 |
| | ) |
| O'CONNOR CHEVROLET, INC. | ) |
| and EVERGREEN FINANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |



## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Plaintiff Lula Brooks brought this action against Defendants O'Connor Chevrolet and Evergreen Finance Company in connection with her purchase and financing of a 1996 Geo Metro. On September 30, 2002, the Court dismissed Count I of Plaintiff's complaint which alleged a violation of the Motor Vehicle Cost Savings and Information Act and Count III which alleged a violation of the Illinois Consumer Fraud Act. (R. 17-1, September 30, 2002, Order.) Defendants now seek summary judgment on the remaining counts – Count II (Illinois Consumer Fraud) and Count IV (Equal Credit Opportunity Act). For the reasons set forth below, Defendants' motion is granted.

## UNDISPUTED FACTS

On July 26, 1999, Plaintiff Lula Brooks signed a Retail Installment Contract for the purchase of a Geo Metro, VIN # 2C1MR5295T6748171 (the "vehicle"), with Defendant O'Connor Chevrolet. (R. 23-1, Def's Statement of Material Facts ¶ 4.) The Retail Installment Contract was assigned to

1

Evergreen Finance Company. (*Id.* ¶ 5.)

Prior to July 27, 2001, Plaintiff Brooks defaulted on her contract with Evergreen Finance due to late and/or missed payments. (*Id.* ¶ 10.) Because of her late and/or missed payments, Evergreen Finance had Plaintiff's vehicle repossessed on approximately July 27, 2001. (*Id.* ¶ 11.) After the repossession, Evergreen Finance sent Brooks information regarding the procedure to get her vehicle back. (*Id.* ¶ 12; R. 28-1, Pl.'s Mem. in Opp'n to Summ. J. Ex. E.) Plaintiff did not provide Evergreen Finance with any of the payments or information that Evergreen Finance requested. (R. 23-1, Def's Statement of Material Facts ¶ 13.) After July 27, 2001, Brooks never provided any paperwork or other documents to Evergreen Finance. (*Id.* ¶ 14.) Evergreen Finance never denied Plaintiff credit after her vehicle was repossessed. (*Id.* ¶ 16.) In addition, Plaintiff never went to the offices of Evergreen Finance to discuss getting her car back after it was repossessed. (*Id.* ¶ 17.) Defendant never told Brooks that she could not get her vehicle back because she was on disability. (*Id.* ¶ 18.)

## ANALYSIS

### I.   Legal Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The party that bears the burden of proof on a particular issue, however, may not rest on its pleadings but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S. Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position is insufficient. *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512. A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). The Court "considers the evidentiary record in the light most favorable to the non-moving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). In doing so, the Court accepts the non-moving party's version of any disputed fact but only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

## II. Count II – Illinois Consumer Fraud Act

In Count II, Plaintiff claims that Defendants O'Connor and Evergreen Finance violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/2, by fraudulently concealing material information regarding the history of the Geo Metro that O'Connor sold to Plaintiff. Specifically, Plaintiff contends that O'Connor failed to disclose that the Geo Metro previously had been a rental vehicle and that it had been involved in a prior accident. Plaintiff seeks recovery against Evergreen Finance based on the FTC Holder rule.

The Illinois Consumer Fraud Act prohibits "unfair methods of competition and unfair or deceptive acts or practices . . . [used] in the conduct of any trade or commerce . . . ." 815 ILCS

3

505/2. In order to establish a cause of action under the Consumer Fraud Act, a plaintiff must establish the following elements: "(1) the misrepresentation or concealment of a material fact; (2) an intent by the defendant that the plaintiff rely on that misrepresentation or concealment; and (3) that the deception occurred in the course of conduct involving trade or commerce." *Randazzo v. Harris Bank Palatine, N.A.*, 262 F.3d 663, 671 (7th Cir. 2001) (citations omitted).

### A. O'Connor

Defendant O'Connor argues that there is no evidence that it knew that the vehicle at issue was a rental car or had previously been involved in an accident. O'Connor asserts that it could not have concealed information of which it was unaware, and therefore cannot be liable under the Consumer Fraud Act.

It is clear that an action for fraudulent concealment "logically demands that defendants have prior knowledge of the information they are alleged to have suppressed." *Miller v. William Chevrolet/Geo, Inc.*, 326 Ill. App. 3d 642, 658, 762 N.E.2d 1, 14, 260 Ill. Dec. 735, 748 (2001); *see also Harkala v. Wildwood Realty, Inc.*, 200 Ill. App. 3d 447, 453-454, 146 Ill. Dec. 232, 237, 558 N.E.2d 195, 200 (1990) (holding real estate broker not liable under Consumer Fraud Act where broker had no knowledge of property impairments concealed by sellers). Defendant has submitted an affidavit from its general sales manager representing that O'Connor had no knowledge that the vehicle had ever been used as a rental car. Plaintiff's only evidence that Defendant O'Connor had knowledge that the vehicle was a rental car is an O'Connor service record, dated January 29, 2001, which contains the word "Enterprise" in a section on the form entitled "Part Number." The parties dispute whether this word proves that the Geo was a rental car with the rental company Enterprise. While Plaintiff contends that it demonstrates that the vehicle in question was formerly an Enterprise

4

rental car, Defendant counters that the reference merely reflects that O'Connor offered Plaintiff a rental car from Enterprise when she brought her vehicle in for service. The service record – which is Plaintiff's only evidence of O'Connor's knowledge – does not contain anything that might support Plaintiff's claim other than the word "Enterprise." There is no other evidence suggesting that Brooks's vehicle was a rental car at Enterprise.

Further, Defendant sold the car to Plaintiff in July, 1999. The service record offered by Plaintiff is dated January 29, 2001 – over 17 months *after* Plaintiff purchased the vehicle. This document does not create an issue of fact regarding O'Connor's knowledge at the time of the sale.

With respect to her claim that O'Connor knew that the vehicle had been in an accident when it sold the vehicle to Plaintiff, Plaintiff points to a report generated by CARFAX, a popular internet database which contains information regarding a used vehicle's history. The CARFAX report notes: "Accident Reported with another motor vehicle. Very minor damage reported." Even if the Court were to take judicial notice of this report as Plaintiff requests, this solitary piece of evidence does not support the assertion that O'Connor knew of the accident when it sold the vehicle to Plaintiff. Defendant O'Connor is entitled to summary judgment on Count II.

**B.      Evergreen Finance**

Plaintiff argues that Evergreen Finance is liable under the Federal Trade Commission ( "FTC") Holder Rule which subjects the assignee of a retail installment contract to the same claims and defenses that could have been asserted against the original seller. *See* 16 C.F.R. § 433.2. Under Illinois law, however, in order to have an action against an assignee, a plaintiff must allege and prove that the assignee's fraud is active and direct. *See Jackson v. South Holland Dodge, Inc.*, 197 Ill.2d 39, 258 Ill. Dec. 79, 755 N.E.2d 462, 466 (Ill. 2001); *See also Dowdy v. First Metro. Mortgage Co.*,

No. 01 C 7211, 2002 WL 745851, at *3 (N.D. Ill. Jan. 29, 2002).

Plaintiff does not even allege, much less submit any supporting evidence, that Evergreen Finance directly or actively committed any fraud against her. In addition, the Court had granted judgment in favor of O'Connor on this very claim. Summary judgment is granted in favor of Defendant Evergreen Finance on Count II.

## III.     Count IV – Equal Credit Opportunity Act

Plaintiff contends that Evergreen Finance discriminated against her in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, because it denied Brooks credit based on the fact that her income derives primarily from a public assistance program. Plaintiff seeks an award of damages from O'Connor based upon Evergreen Finance's actions.

The ECOA provides that "[i]t shall be unlawful for any creditor to discriminate against any applicant with respect to any aspect of a credit transaction . . . (2) because all or part of the applicant's income derives from any public assistance program." 15 U.S.C. § 1691(a)(2). To state a claim under the ECOA, a plaintiff must prove that she qualifies as an "applicant," that the defendant qualifies as a "creditor," that the alleged occurrences constitute a "credit transaction," and that the defendant's conduct was discriminatory. *See Johnson v. Equicredit Corp.*, No. 01 C 5197, 2002 WL 448991, at *4 (N.D. Ill. Mar. 22, 2002); *Sharp v. Chartwell Fin. Servs. Ltd.*, No. 99 C 3828, 2000 WL 283095, at *3-4 (N.D. Ill. Mar. 6, 2000). In order to prove discrimination under the ECOA, Plaintiff must submit sufficient direct or circumstantial evidence of discrimination to create a triable issue of fact. *Latimore v. Citibank Fed. Sav. Bank*, 151 F.3d 712, 715 (7th Cir. 1998). No burden-shifting doctrines apply in the context of an ECOA discrimination case. *Id.*

### A.     O'Connor

Plaintiff Brooks has failed to come forward with any evidence or argument that O'Connor violated the ECOA. She does not allege any acts of wrongdoing against O'Connor in Count IV of her complaint. Further, Brooks does not present any theory under which O'Connor could be held liable for the actions of Evergreen Finance. Accordingly, Defendant O'Connor's motion for summary judgment with respect to Count IV is granted.

### B.     Evergreen Finance

Evergreen Finance seeks summary judgment on the basis that there is no genuine issue of material fact regarding whether its conduct was discriminatory. Plaintiff claims that Defendant Evergreen Finance discriminated against her when it refused to allow her to reinstate her credit contract without providing proof of employment after her vehicle was repossessed. Plaintiff was not employed. Her only income came from public assistance. Because Plaintiff did not have any evidence of employment to submit to Evergreen Finance, she claims that Evergreen Finance discriminated against her. Brooks claims that the requirement of submitting pay stubs or proof of employment prior to obtaining her vehicle amounts to discrimination under the ECOA.

After Plaintiff's vehicle was repossessed, Evergreen Finance sent her a document entitled "Notice of Repossession and Right to Redeem (the "Notice")." (R. 28-1, Pl.'s Mem. in Opp'n to Summ. J. Ex. E.) The Notice informed Brooks that Evergreen Finance had repossessed her vehicle. It provided Plaintiff with two methods to get her property back. First, Plaintiff could pay $1,028.24 in back payments and fees, presenting the payment and proof of employment to Evergreen Finance. Second, Plaintiff could reclaim her vehicle by paying Evergreen Finance the balance on the vehicle – $6,787.62. The Notice stated, "[i]f you have any questions about this, please call us." (*Id.*)

Plaintiff never responded to the Notice. It is uncontested that she did not submit any

7

paperwork to Evergreen Finance. Brooks also failed to visit any Evergreen Finance office to inquire about getting her vehicle back. Brooks has presented no evidence that she made any contact with Evergreen Finance after receiving the Notice. Therefore, there is no evidence that anyone at Evergreen Finance ever told Brooks that she could not have her vehicle back because she was on disability. Taking all the evidence in the light most favorable to Plaintiff Brooks, no reasonable jury could find that Evergreen Finance denied Plaintiff her right to reinstate her credit contract because her income came from public assistance rather than employment. Brooks did not take any action to reinstate her credit with Evergreen Finance after receiving the Notice. She merely assumed that she could not qualify because of the proof-of-employment request on the Notice form. There is no evidence that Brooks tried to reinstate her credit or that Evergreen Finance denied her reinstatement on any discriminatory grounds. Evergreen Finance's motion is granted.

## CONCLUSION

Defendants' motion for summary judgment is granted. Summary judgment is granted as to Defendants O'Connor and Evergreen Finance on Counts II and IV.

DATED: October 22, 2003          ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge

8